IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2005

## STATE OF TENNESSEE v. CATHERINE MAY COOPER

**Appeal from the Criminal Court for Sullivan County**
**Nos. S49111 & S49112     Phyllis H. Miller, Judge**

_____

**No. E2004-02515-CCA-R3-CD - Filed November 4, 2005**

_____

The defendant, Catherine May Cooper, pled guilty to one count of attempt to obtain a controlled substance by altered prescription, a Class D felony, and one count of felony failure to appear, a Class E felony. The Sullivan County Criminal Court sentenced her to two years for the Class D felony and one year for the Class E felony to be served concurrently in the Department of Correction as a Range I, standard offender. The defendant appeals, contending that the trial court erred in denying her probation or alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Stephen M. Wallace, District Public Defender, and Richard A. Tate, Assistant Public Defender, for the appellant, Catherine May Cooper.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kent L. Chitwood, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's attempting to buy prescription drugs with a forged prescription. After the Sullivan County grand jury indicted the defendant on two counts of attempting to obtain a controlled substance by altered prescription, a Class D felony, one count of conspiracy to obtain drugs by fraud, a Class E felony, and one count of felony failure to appear, a Class E felony, she entered guilty pleas to one count of attempting to obtain a controlled substance by altered prescription and one count of felony failure to appear. The trial court sentenced her to two years for the Class D felony and one year for the Class E felony to be served concurrently as a Range

I, standard offender with alternative sentencing to be determined by the trial court. We note that a co-defendant died before the defendant entered her guilty pleas.

The evidence presented by the state at the guilty plea hearing showed that on July 7, 2003, the defendant attempted to fill a forged prescription for Lortab at a Walgreens pharmacy in Bristol, Tennessee. The pharmacist, Dr. Martin, suspected that the prescription was forged and contacted Dr. Spivey at Holston Valley Medical Center, who purportedly wrote the prescription. Dr. Spivey told Dr. Martin that he had not written the prescription and confirmed this after Dr. Martin faxed a copy to Dr. Spivey. Dr. Martin then contacted the police. Bristol Police Department Officer Mark Osterman responded and Dr. Martin identified the defendant to Officer Osterman, who approached the defendant and asked her about the forged prescription. The defendant denied handing the pharmacist the forged prescription but the video surveillance camera recorded her doing so on tape. Based upon this evidence, Officer Osterman arrested the defendant, and on September 18, 2003, the defendant failed to appear in Sullivan County General Sessions Court regarding these charges.

At the sentencing hearing, the defendant testified that she lived in Maryland and wanted to be able to take care of her husband who had been injured in a car accident. She denied using marijuana and methadone when questioned about a failed drug test reported in her presentence report. She said the reason she tested positive was because she had been around a friend who was smoking marijuana. She said she had a drug problem in the past and had completed treatment for heroin addiction. She said she did not consider herself to have a drug problem anymore. She said she would comply with any conditions of probation, maintain full-time employment, do community service, accept any sort of supervision, cooperate with random drug tests, and pay court costs. She admitted she tried to fill the forged prescription for Lortab at Walgreens.

The trial court questioned the defendant about the failed drug test. She again denied having smoked marijuana the day before the drug test. She said she had been around a friend who was smoking marijuana. She then stated she had never used marijuana. The trial court questioned the defendant about a section of the presentence report stating, "Offender reports she first began smoking marijuana at age twenty smoking two or three times per week with friends. The offender denies ever having bought the marijuana. The offender reports she last smoked marijuana in 2000. So who made that up?" The defendant told the trial court she was talking about her husband when she said those statements to the probation officer. The trial court took a recess to call the probation officer. Before taking the recess, the trial court warned the defendant:

> Now up until the getting the marijuana in your system because you thought you were around people smoking it things were looking pretty good for you and up until you told me that this probation officer wrote it all down wrong and that you had never smoked marijuana things were looking pretty good for you. So you need to talk with your attorney and you need to discuss with her what happens on aggravated perjury and if you're lying about something you can

tell the truth before the hearing is over and not get charged with aggravated perjury.

After the recess, the defendant took the stand and admitted that she smoked marijuana in the past and that she smoked marijuana the day before the drug test on May 22, 2003.

No other witnesses testified, but the State entered the presentence report into evidence as an exhibit. The report states the defendant had a prior conviction for misdemeanor theft. It states she dropped out of high school and was unemployed. It shows a sporadic work history, being fired from one job and resigning from two others. The report states the defendant admitted to a history of marijuana and heroin use. It also states the defendant entered a methadone clinic in May 1994 and was discharged from the program in June 2003, making only "fair" progress. It reflects that the defendant tested positive for marijuana and methadone in her last drug test at the methadone clinic in May 2003.

After argument by counsel, the trial court denied alternative sentencing. The trial court examined the enhancement and mitigating factors, finding the defendant had a history of criminal behavior, had a criminal conviction, and was the leader in the commission of the offense. It also found the defendant had a sustained intent to violate the law and did not have sincere remorse. The trial court applied one mitigating factor because the defendant gave "some sort of admission" to police. The trial court found the defendant's educational and work history were poor. In denying alternative sentencing, the trial court stated:

> Now, Ms. Cooper, you know if you hadn't wasted the Court's time by lying to me you were going to get full probation, probably. I hadn't gone through everything but, you know, it looked, you looked like a really good candidate for probation. But instead you sat right there under oath, didn't take that oath seriously . . . .
>
>      . . . .
>
> [T]he courts have also upheld a denial of alternative sentencing if the offender comes in and lies to the Court, because what potential do you have for rehabilitation? Well none, none.
>
>      . . . .
>
> [B]ased on your lying about the dirty drug screen and what else was it ---- but anyway, anyway your lying to the Court today I don't find that there's much ---- well I find there's zero potential for rehabilitation. . . . Because of what you did here today it would be a waste of the Court's time, I find, to place you on any kind of alternative sentencing. We would just be back in here in a very short period of time because of your lies would find you out. I know what the other lie was, it was that the probation officer wrote down your name when she should have written down your husband's name as being the drugee [sic] in the family.

On appeal, the defendant contends that the trial court erred in denying her probation or alternative sentencing. She claims she recanted her lies before the sentencing hearing was complete and her lying should not be a basis for denial of alternative sentencing and probation. She claims confinement is not necessary to protect society, to avoid depreciating the seriousness of the offense, or to deter others. The defendant asserts the trial court failed to articulate any finding of deterrence in denying her probation and alternative sentencing. The state contends that the trial court did not err in sentencing the defendant to the Department of Correction. It asserts that the trial court correctly considered the enhancement and mitigating factors and that "it is not clear that the defendant would have been given probation but for her lying." The state claims the defendant's poor social history, long history of illegal drug use, criminal activity, and failed rehabilitation effort demonstrate the lack of potential for the defendant to be rehabilitated.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003).[1] However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d) (2003), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if confinement is appropriate, a trial court should consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5), -210(b)(5) (2003); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed. T.C.A. § 40-35-103(4).

Because the defendant was convicted of a Class D felony and a Class E felony, she was entitled to the presumption that she is a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6) (2003). However, the presumption can be

_____

[1]We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102(6), -210 and -401. See 2005 Tenn. Pub. Acts ch. 353, §§ 1, 6, 8. However, the amended code sections are inapplicable to the defendant's appeal.

overcome when the defendant lies while testifying at her sentencing hearing. <u>See</u> <u>State v. Othar Gilliam, Jr.</u>, No. 01C01-9307-CR-00223, Williamson County, (Tenn. Crim. App. May 5, 1994), <u>app. denied</u> (Tenn. Aug. 29, 1994).

We note that in <u>Gilliam</u>, this court was presented with the question of whether dishonesty during the course of the sentencing hearing is sufficient to rebut the presumption that alternative sentencing should be imposed when the other aspects of an offender's background would support an alternative sentence. <u>Id.</u>, slip op. at 7. In <u>Gilliam</u>, the defendant lied about his educational status and persisted in his perjury even after the trial court pointed out his statement to the probation officer was to the contrary. <u>Id.</u> The defendant did not recant until it was apparent he had been caught. <u>Id.</u> Additionally, the trial court found the defendant testified to a concocted version of events, which conflicted with the testimony of the eyewitness. <u>Id.</u> This court held that even though the defendant would have been a good candidate for probation, the trial court could deny probation to a defendant who committed perjury while testifying at his sentencing hearing. <u>Id.</u>, slip op. at 8. The court stated, "Were we to reverse the trial judge in this matter, we would, in effect, give carte blanche authority to all class C, D, and E felons to deceive the trial court during their sentencing hearing. We are unwilling to do that." <u>Id.</u>

In this case, the defendant lied about using marijuana before her drug test in May 2003 and lied about the probation officer writing down her name when she was talking about her husband's history of drug use. She persisted in her perjury even after the trial court pointed out the contradictory statements in her presentence report. The defendant did not recant until the trial court instructed the defendant to speak to her counsel about the consequences of committing aggravated perjury. Based upon <u>Gilliam</u>, we conclude that the trial court did not err in considering the defendant's lying under oath as a basis for denying alternative sentencing and probation.

## CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE